STEVENSON, J.
In this appeal, Doreen Siegel challenges a final order of foreclosure due to delinquent payment of assessments to her homeowrier’s association,, Boca Chase Property Owners Association, Inc. We reverse because the trial court erred in signing a proposed final judgment submitted by Boca Chase, which was hot requested by the trial court and signed only three days after Boca Chase’s simultaneous certificate of service of the proposed final judgment to both the trial court and Sie- *558 gel, giving Siegel virtually no opportunity to file a meaningful response. See Perlow v. Berg-Perlow, 875 So.2d 383, 390 (Fla. 2004); Boss v. Botha, 867 So.2d 567 (Fla. 4th DCA 2004).
We reverse and remand for a new trial. We order the new trial for several reasons. The final order on appeal was the third “final” judgment entered in this case. The non-jury trial was held before Judge John D. Wessel on March 5, 2004. At the conclusion of the trial, the court invited both sides to submit proposed final judgments. On March 15, 2004, the court signed the proposed final judgment submitted by Sie-gel and entered an order denying the foreclosure. The next day, on March 16, 2004, the trial court signed the proposed order submitted by Boca Chase and entered an order granting the foreclosure.
Boca Chase moved for clarification of the two conflicting final judgments and the trial court vacated both judgments and set the matter for rehearing. At the conclusion of this non-evidentiary hearing, which was held on April 12, 2004, Boca Chase offered a proposed final judgment, but the trial judge did not take it and stated that he would take the matter “under submission” and “let you know.” The trial court gave no indication of its leanings in the case at the conclusion of the hearing. On May 3, 2004, after a little over three weeks had passed, Boca Chase sent an unsolicited proposed final judgment to both the trial court and Siegel’s counsel. The trial court signed the proposed final judgment three days later on May 6, 2004. Since the final judgment was entered, Judge Wessel has retired. The resolution of the merits of this case depends on credibility determinations that should not be made on the basis of the written transcript alone. Thus, a new trial is required.
REVERSED and REMANDED.
FARMER, C.J., concurs.
BROWN, LUCY CHERNOW, Associate Judge, concurs specially with opinion.